IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita Leeson Weinshienk

Civil Action No. 10-cv-02083-ZLW-MJW

PEIKER ACUSTIC, INC., and
PEIKER ACUSTIC GMBH & CO. KG,

    Plaintiffs,

v.

PATRICK KENNEDY,

    Defendant.

---

ORDER

---

The matter before the Court is Plaintiffs' Motion To Dismiss Defendant's Counterclaims (Doc. No. 14). The Court has reviewed carefully the moving and responding papers and the applicable legal authority.

**I.**    **Legal Standard**

In this action, Plaintiffs Peiker acustic, Inc. (Peiker USA) and Peiker acustic GmbH & Co. KG (Peiker Germany) (collectively, Plaintiffs) assert a defamation claim against Defendant based upon statements allegedly made in Defendant's book "Ideajacked." Plaintiffs now move to dismiss Defendant's counterclaims for abuse of process pursuant to Fed. R. Civ. P. 12(b)(6).

A Rule 12(b)(6) motion to dismiss a counterclaim is evaluated under the same standard as a Rule 12(b)(6) motion to dismiss a claim.[1]  "[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'"[2]  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[3]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[4]  Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."[5]  Determining whether a claim states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[6]

## II.    Elements of Abuse of Process Claim

"In Colorado, abuse of process requires proof of (1) an ulterior purpose in the use of judicial proceedings; (2) willful actions by a defendant in the use of process that are

---

[1] See Ashley Creek Phosphate Co. v. Chevron USA, Inc., 315 F.3d 1245, 1261 (10th Cir. 2003).

[2] Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

[3] Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 545).

[4] Id.

[5] Id. at 1950.

[6] Id.

2

not proper in the regular conduct of a proceeding; and (3) damages."[7]  The tort "provides a remedy in situations where litigation is properly initiated, but is misused through an irregular, generally coercive act."[8]  In other words, "the gist of the tort is not commencing an action or causing process to issue without justification, but misusing, or misapplying process justified in itself for an end other than that which it was designed to accomplish."[9]

### A. Ulterior Purpose in the Use of Judicial Proceedings

Defendant is the Chairman and Chief Executive Officer Cellport Systems, Inc. (Cellport).  Cellport is the plaintiff in a separate action pending in this Court against Peiker Germany (the Cellport Litigation).  Defendant's present counterclaims allege that Plaintiffs commenced this defamation action against Defendant "for an ulterior purpose, *i.e.*, to intimidate and gain 'leverage' against Cellport to force Cellport into dismissing the Cellport Litigation."[10]  Plaintiffs appear to concede for purposes of this motion that the first element of the tort, "an ulterior purpose in the use of judicial proceedings,"[11] is adequately pleaded.[12]

---

[7] Hewitt v. Rice, 154 P.3d 408, 414 (Colo. 2007).

[8] Mintz v. Accident and Injury Medical Specialists, PC, 2010 WL 4492222, *2 (Colo. Ct. App. Nov. 10, 2010).

[9] Id. (quoting W.P. Keeton, et al., *Prosser & Keeton on Torts* § 121, at 897 (5th ed. 1984)).

[10] Doc. No. 11 ¶¶ 22, 26.

[11] Hewitt, 154 P.3d at 414.

[12] See Doc. No. 14 at 4, 6.

### B.  Willful Actions by a Defendant in the Use of Process That are Not Proper in the Regular Conduct of a Proceeding

Plaintiffs contend that Defendant has failed to adequately plead the second element of an abuse of process claim, "willful actions by a defendant in the use of process that are not proper in the regular conduct of a proceeding."[13] "The improper purpose is ordinarily an attempt to secure from another some collateral advantage not properly includable in the process itself and is a form of extortion in which a lawfully used process is perverted to an unlawful use;"[14] in other words, the use of process "to "accomplish a purpose that the proceeding was not designed to achieve."[15]  Thus, "seeking to accomplish a coercive goal is a misuse of process."[16]  However, "[i]f the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint there is no abuse, even if the plaintiff had an ulterior motive in bringing the action. . . ."[17]  Accordingly, "the filing of a justified lawsuit cannot constitute the act necessary to sustain an abuse of process claim, even if the suit was filed for an

---

[13] Hewitt, 154 P.3d at 414.

[14] Walker v. Van Laningham, 148 P.3d 391, 394 (Colo. App. 2006) (quoting Palmer v. Tandem Mgmt. Servs., Inc., 505 N.W. 2d 813, 817 (Iowa 1993)).

[15] Id.

[16] Mintz, 2010 WL 4492222, *2 (citing Walker, 148 P.3d at 394).  There is some potential overlap between the second and third elements of an abuse of process claim, in that allegations of the use of process in order to achieve an improper, coercive goal can satisfy the "misuse of process" element, see id., and the "ulterior purpose" element also could be satisfied by alleging that same improper, coercive goal.  Such potential overlap would not run afoul of the rule that "the improper use may not be inferred from the [ulterior] purpose." Id. at *3.

[17] Id. at *3 (quoting Inst. for Prof. Development v. Regis College, 536 F. Supp. 632, 635 (D. Colo. 1982)).

4

ulterior purpose."[18]  Further, there must be "some improper act to conclude that one used the legal proceeding in an improper manner."[19]

Defendant's counterclaims allege that:

> 23.   Peiker Germany took willful actions that are not proper in the regular conduct of this proceeding, including:
>
> a.   Though Defendant is a Colorado resident, and Peiker Germany is a German corporation already involved in litigation with Cellport in Colorado, Plaintiffs commenced this action in state court in Michigan, for the primary purpose of inconveniencing and intimidating Defendant with litigation in a distant and unfamiliar forum;
>
> b.   Though Peiker USA was not mentioned in "Ideajacked," Peiker Germany caused its wholly owned subsidiary to join in this litigation in an effort to legitimize its selection of the Michigan forum;
>
> c.   The references to Peiker Germany in the book "Ideajacked" are minimal, accurate, non-defamatory, and caused Peiker Germany no damages, yet Peiker Germany brought the present action; and
>
> d.   Peiker Germany did not seek to resolve its purported grievances with Defendant, and in fact filed the present action prior to Peiker Germany's expressed "deadline" for a retraction.
>
> . . .
>
> 27.   Peiker USA took willful actions that are not proper in the regular conduct of this proceeding, including:
>
> a.   Though Defendant is a Colorado resident, and Peiker USA is a Delaware corporation with its principal place of business in Texas, Plaintiffs commenced this action in

---

[18] Id.

[19] Id.

        state court in Michigan, for the primary purpose of inconveniencing and intimidating Defendant with litigation in a distant and unfamiliar forum.

        b.     Though Peiker USA was not mentioned in "Ideajacked" and has no claim, Peiker USA joined in the present action; and

        c.     Peiker USA did not seek to resolve its purported grievances with Defendant, and in fact filed the present action prior to Peiker USA's expressed "deadline" for a retraction.[20]

Plaintiffs argue that all of the above-alleged conduct falls within the proper scope of litigation, and thus cannot constitute misuse of process, since Plaintiffs had a right to file this lawsuit, a right to choose Michigan as the forum, and a right to join Peiker USA.[21] However, the relevant inquiry is not whether the legal process employed by the alleged tortfeasor (such as filing a lawsuit, choosing a forum, or joining a party) is one recognized by the rules of procedure,[22] but, rather, whether, that legal process is being used to accomplish a purpose which it is not designed to achieve.[23]  Here, Defendant has pleaded that although Defendant did not defame Plaintiffs and Plaintiffs suffered no damages, Plaintiffs nonetheless filed a defamation lawsuit, chose the Michigan forum,

---

[20] Doc. No. 11 at 7-9.

[21] See Doc. No. 21 at 3.

[22] The plaintiffs in cases such as American Guarantee & Liability Ins. Co. v. King, 97 P.3d 161, 171 (Colo. App. 2003) and Lauren Corp. v. Century Geophysical Corp., 953 P.2d 200, 202 (Colo. App. 1998), cited by Plaintiffs, also had a right to engage in the act of filing a lawsuit, but did not have the right to do so in order to achieve a purpose that the lawsuit was not designed to achieve, such as to extract money from a non-party (American Guarantee) or coerce the defendant into transferring its software (Lauren Corp.).

[23] See Walker, 148 P.3d at 394.

joined Peiker USA, and refused to attempt to resolve their purported grievances prior to filing suit all in order to "intimidate and gain 'leverage' against Cellport to force Cellport into dismissing the Cellport Litigation."[24] By so pleading, Defendant has sufficiently alleged the "misuse of process" element of an abuse of process claim.

Plaintiffs also note that this Court has held in other cases that an allegation that a lawsuit is objectively baseless, in that it is "devoid of factual or legal support,"[25] can satisfy the "improper use" element.[26] Here, by pleading that the alleged defamatory statements were "minimal, accurate, non-defamatory" and did not cause any damages,[27] Defendant has pleaded that Plaintiffs' suit for defamation is objectively baseless.

### C. Damages

Plaintiffs do not contend that Defendant's pleading of damages is insufficient to state a claim for abuse of process.

Defendant has pleaded sufficient facts to state counterclaims for abuse of process which are plausible on their face. Accordingly, for the reasons set forth above, it is

---

[24] Doc. No. 11 ¶¶ 22, 26.

[25] Lower v. IR-Maple Corp., 2008 WL 1744559, *3 (D. Colo. April 11, 2008).

[26] See id.; see also Mrs. Colo.-Am., Inc. v. Mrs. Colo. U.S. Pageant, 2007 WL 496690, *2 (D. Colo. Feb. 13, 2007).

[27] Doc. No. 11 ¶ 23.c.

ORDERED that Plaintiffs' Motion To Dismiss Defendant's Counterclaims (Doc. No. 14) is denied.

DATED at Denver, Colorado this 2nd day of December, 2010.

BY THE COURT:

*Zita Leeson Weinshienk*
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court