IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   10-cv-02083-REB-MJW

PEIKER ACUSTIC, INC., and
PEIKER ACUSTIC GMBH & CO. KG,

Plaintiffs,

v.

PATRICK KENNEDY,

Defendant.

---

**ORDER REGARDING
PLAINTIFFS' MOTION FOR PROTECTIVE ORDER (DOCKET NO. 33)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiffs' Motion for Protective Order (docket no. 33).  The court has reviewed the subject motion (docket no. 33), the response (docket 39), and the reply (docket no. 45).  In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

In the subject motion (docket no. 33) Plaintiffs request that this court enter a Protective Order quashing the Defendant's Notice of Deposition concerning their Senior Corporate Executives Andreas Peiker, the Owner, President, and Chief Executive Officer of Plaintiff Peiker Germany, and Dr. Algilolf Lamperstorfer, Chairman of Peiker Germany's Board of Directors, pursuant to Fed. R. Civ. P. 26(c)(1).

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and district of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That this is a defamation case, and Plaintiffs have selected the United States District Court for the District of Colorado in the United States of America to file and prosecute their defamation claim;

5. That where "a party seeks to depose a high level executive removed from the daily subjects of the matter in litigation, the party seeking discovery must first demonstrate that the proposed deponent has 'unique personal knowledge' of the matters in dispute." EchoStar Satellite, LLC v. Splash Media Partners, L.P., 2009 WL 1328226, at * 2 (D. Colo. May 11, 2009).  "Under what has been termed the 'apex doctrine,' a court may protect a high executive officer from the burdens of a deposition upon a showing that (1) the executive has no unique personal knowledge of the matter in dispute; (2) the information sought can be obtained from another witness; (3) the information can be obtained through an alternative discovery method; or (4) severe hardship on the deponent.  Generally, the executive seeking to avoid being

3

deposed must demonstrate by evidence that he has no unique personal knowledge." Id. (citing Thomas v. Int'l Business Machines, 48 F.3d 478, 483 (10th Cir. 1995); Mulvey v. Chrysler Corp., 106 F.R.D. 364, 366 (D. R.I. 1985)).

Here, I find that Andreas Peiker is a key and central witness with respect to *IdeaJacked*.  Mr. Peiker was the sole inventor of the CKII, a product that is at the heart of this lawsuit, and he led Plaintiffs' technical activities.  Mr. Peiker was involved in many key and pivotal discussions with Cellport and was actively involved with the decisions concerning compliance with the terms of the license with Cellport.  Moreover, Mr. Peiker clearly has unique personal knowledge on the disputed issue of damages, noting his current position and involvement with Plaintiffs.

As to Dr. Algilolf Lamperstorfer, I find that Dr. Lamperstorfer has been a member of the management team at Plaintiffs throughout the relationship with Cellport.  He was intimately involved in negotiation of the CGPLA and negotiated directly with Cellport on many occasions.  The alleged violation of the CGPLA forms the basis for several of the alleged defamatory statements.  Further, Dr. Lamperstorfer has direct, unique, and personal knowledge of relevant disputed facts in this case.

4

For these reasons, the subject motion (docket no. 33) should be denied; and

6. That as to the secondary issue as to where the depositions of Andreas Peiker and Dr. Algilolf Lamperstorfer should take place, I find that the depositions of these two deponents should take place in the District of Colorado in the United States of America. Plaintiffs filed this lawsuit in the District of Colorado in the United States of America, and the general rule is that a Plaintiff may be deposed in the judicial district where the action is brought. See In re Outsidewall Tire Litigation, 267 F.R.D. 466, 471 (E.D. Va. 2010) ("[C]ourts ordinarily presume that a plaintiff may be deposed in the judicial district where the action was brought, inasmuch as the plaintiff, in selecting the forum, has effectively consented to participation in legal proceedings there.").

In Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for the S. Dist of Iowa, 482 U.S. 522, 544 (1987), the United States Supreme Court outlined a three-part test that a trial court should consider in determining whether the Hague Convention is mandatory, which includes an analysis of "[1] the particular fact [of the case], [2] sovereign interests, and [3] likelihood that resort to [the Hague Convention's] procedures will prove effective." I find that Andreas Peiker and Dr. Algilolf Lamperstorfer are physically

5

able to fly to the United States of America from Germany and that Plaintiffs have the financial capability to pay the cost of such travel to the United States of America.  There is always hardship when an individual has to travel, but Plaintiffs, at best, have shown minimal hardship for witnesses Andreas Peiker and Dr. Algilolf Lamperstorfer having to travel to the United States of America for their depositions.  Moreover, both Mr. Peiker and Dr. Lamperstorfer have traveled from Germany to the United States of the America in the past.

That as to the sovereign interests, I find that the government of Germany has no legitimate interest in the discovery requested by Defendant in this case from Andreas Peiker and Dr. Algilolf Lamperstorfer.  The discovery being requested by Defendant does not touch on any national sensitivities of Germany.

As to the effectiveness of the Hague Convention's procedure, I find that the bilateral agreement between Germany and the United States ("the Note Verbale") governs depositions.  See Exhibit U attached to Defendant's Opposition [response] (docket no. 39). Under the bilateral agreement, the witness (i.e., deponent) has the right to refuse to answer any question for any reason and cannot be compelled to answer if the depositions of Andreas Peiker and Dr.

6

Algilolf Lamperstorfer are taken in Frankfurt, Germany. As reflected in the depositions of Peiker Germany personnel in the related case [09-cv-01007-MSK-MJW], Peiker Germany witnesses are willing to exercise this "right." See Exhibit V attached to Defendant's Opposition [response] (docket no. 39). Accordingly, if this court were to require Defendant to fly to Germany and take the depositions of Andreas Peiker and Dr. Algilolf Lamperstorfer, there is a high likelihood, based upon the past track record of other Plaintiff employees, that both Mr. Peiker and Dr. Lamperstorfer will refuse to answer questions during their depositions, relying upon the Note Verbale, and thus prevent discovery on relevant issues in this case. Requiring Defendant to take the depositions of Andreas Peiker and Dr. Algilolf Lamperstorfer in Germany would, *in essence*, allow Plaintiffs to use the Note Verbale as a sword instead of a shield and would prevent Defendant from discovering material information that may be admissible at trial to support the Defendant's defense(s).

That in weighing the In <u>Societe Nationale</u> factors, I find these factors weigh in favor of Defendant, and therefore the depositions of Andreas Peiker and Dr. Algilolf Lamperstorfer should take place in the District of Colorado in the United States of America.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiffs' Motion for Protective Order (docket no. 33) is **DENIED**;

2. That the depositions of Andreas Peiker and Dr. Algilolf Lamperstorfer shall take place in the District of Colorado in the United States of America.  The parties shall forthwith meet and confer and set the depositions of Andreas Peiker and Dr. Algilolf Lamperstorfer within 45 days from the date of this Order.  Plaintiffs shall produce the above two witnesses for deposition in the District of Colorado, United States of America; and

3. That each party shall pay their own attorney fees and costs for this motion.

Done this 8th day of April 2011.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE