IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02083-REB-MJW

PEIKER ACUSTIC, INC., and
PEIKER ACUSTIC GMBH & CO. KG,

Plaintiffs,

v.

PATRICK KENNEDY,

Defendant.

## ORDER REGARDING
## DEFENDANT'S MOTION TO AMEND COUNTERCLAIMS (DOCKET NO. 60)

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendant's Motion to Amend Counterclaims (docket no. 60). The court has reviewed the subject motion (docket no. 60), the response (docket no. 66 ), and the reply (docket no. 67). In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

2

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleadings after the time for amending as a matter of right has passed "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A court may deny a motion for leave to amend where, among other reasons, "amendment would be futile." Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc., 175 F.3d 848, 859 (10th Cir. 1999). "A proposed amendment is futile if the [pleading], as amended, would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." Watson v. Beckel, 242 F.3d 1237, 1239-40 (10th Cir. 2001). A court faced with a challenge to a motion to amend based on the futility defense therefore will consider the sufficiency of the claims that the moving party seeks to add in the party's proposed amended pleading. Moody's, 175 F. 3d at 859;

5. As to Plaintiff's futility argument, Judge Ebel has previously addressed that issue in the case of General Steel Domestic Sales, LLC v. Steel Wise, LLC, 2008 WL 2520423 (D. Colo. 2008). In the General Steel case, Judge Ebel stated, in pertinent part: ". . . Defendants' futility argument seems to place the cart before the

3

horse. Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative [pleading] is in place;"

6. That under Colorado law, exemplary damages may be awarded where "the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct." See § 13-21-102(1)(a), C.R.S.;

7. That under Colorado law, "[p]rima facie proof of a triable issue of exemplary damages is established by 'a showing of a reasonable likelihood that the issue will ultimately be submitted to the jury for resolution.' . . . Such proof may be established through discovery, by evidentiary means, or by an offer of proof. . . . Prima facie evidence is evidence that, unless rebutted, is sufficient to establish a fact." Stamp v. Vail Corp., 172 P.3d 437, 449 (Colo. 2007); and

8. That Defendant has demonstrated in the subject motion (docket no. 60) enough evidence which a jury could find that Plaintiffs' abuse of process claim was attended by circumstances of fraud, malice, or willful and wanton conduct. Accordingly, Defendant should be permitted to amend his Answer and Counterclaims to include a request for an award of exemplary damages.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law this

4

court **ORDERS**:

1. That Defendant's Motion to Amend Counterclaims (docket no. 60) is **GRANTED**. The Defendant's Answer, Amended Counterclaims and Jury Demand (docket no. 60-14) is accepted for filing as of the date of this Order; and

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 27th day of June, 2011.

                                        BY THE COURT

                                        s/Michael J. Watanabe
                                        MICHAEL J. WATANABE
                                        U.S. MAGISTRATE JUDGE