**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 10-cv-02083-REB-MJW

PEIKER ACUSTIC, INC., and
PEIKER ACUSTIC GMBH & CO. KG,

      Plaintiffs/Counterclaim Defendants,

v.

PATRICK KENNEDY,

      Defendant/Counterclaimant.

**ORDER GRANTING MOTION TO EXCLUDE
VIVA R. MOFFAT, ESQ. AS EXPERT WITNESS**

**Blackburn, J.**

The matter before me is plaintiffs' **Motion To Exclude Viva R. Moffat, Esq. as Expert Witness** [#91][1] filed December 16, 2011. I grant the motion.

### I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1332 (diversity of citizenship).

### II. STANDARD OF REVIEW

Plaintiffs seek to exclude the testimony of one of defendant's expert witnesses. Rule 702 of the Federal Rules of Evidence, which governs the admissibility of expert witness testimony, provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

---

[1] "[#91]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

FED.R.EVID. 702.  As interpreted by the Supreme Court, Rule 702 requires that an expert's testimony be both reliable, in that the witness is qualified to testify regarding the subject, and relevant, in that it will assist the trier in determining a fact in issue. ***Daubert v. Merrell Dow Pharmaceuticals, Inc.***, 509 U.S. 579, 589-92, 113 S.Ct. 2786, 2795-96, 125 L.Ed.2d 469 (1993); ***Truck Insurance Exchange v. MagneTek, Inc.,*** 360 F.3d 1206, 1210 (10th Cir. 2004).  The Supreme Court has described the court's role in weighing expert opinions against these standards as that of a "gatekeeper."  ***See Kumho Tire Company, Ltd. v. Carmichael***, 526 U.S. 137, 147, 119 S.Ct. 1167, 1174, 142 L.Ed.2d 248 (1999).

In this instance, where plaintiffs challenge the expert's qualifications to opine as to a particular subject, the district court must determine that the putative expert has sufficient "knowledge, skill, experience, training, or education" to offer an opinion that will be helpful to the jury.  ***See Watson v. United States***, 485 F.3d 1100, 1106 (10th Cir. 2007).  I have discretion in determining whether a witness is so qualified.  ***See Milne v. USA Cycling Inc.***, 575 F.3d 1120, 1133 (10th Cir. 2009).

### III.  ANALYSIS

The basis and background of this case is well-known to the parties and need not be repeated here at length.  This is a case for defamation *per se*.  Plaintiffs claim that

defendant's book, *IdeaJacked*, defames them by suggesting that "Peiker" stole ideas patented by him or otherwise arrogated his patented ideas and/or inventions. Defendant filed a counterclaim for abuse of process, by which he asserts that plaintiffs filed this action in an attempt to gain leverage in a separate lawsuit between his company and plaintiffs.

In support of his counterclaim, defendant has designated Viva R. Moffat, Esq., as a may call expert witness. Ms. Moffat is an assistant professor of law at the University of Denver Sturm College of Law, whose teaching focuses primarily on intellectual property issues, unfair competition, and contracts. She purports to offer essentially four opinions:

> (1) "to explain in general terms the structure of the United States patent system and the circumstances under which one person or entity may be found to have directly or indirectly infringed the patent," as well as explain the concepts of inducing infringement and contributory infringement (**Motion App.**, Exh. 1 at 3);
>
> (2) "to comment on Peiker's decision to file this lawsuit in the name of Peiker USA as the lead plaintiff" in order to opine that "[n]one of th[e] evidence supports the conclusion that Peiker USA is the real party in interest" (*id.*, Exh. 1 at 4);
>
> (3) "to comment on the Plaintiffs' decision to file this lawsuit in state court in Michigan and to comment upon where Peiker might have brought this lawsuit instead" and conclude that there was "no legal or practical reason why Peiker chose to file this lawsuit in state court in Michigan" (*id.*, Exh. 1 at 4, 5); and
>
> (4) to offer a chronology of the procedural history of this case (*id.*, Exh. 1 at 5-6).

Plaintiffs object to the admission of such testimony as usurping the court's role to be the

sole source of the jury's understanding of the legal standards relevant to their determinations.

I agree. It is "the court's duty to set forth the law" applicable to the facts presented at trial. ***Specht v. Jensen***, 853 F.2d 805, 808 (10th Cir. 1988) (en banc), ***cert. denied***, 109 S.Ct. 792 (1989). The Tenth Circuit court has affirmed that "[t]here is a significant difference between an attorney who states his belief of what law should govern the case and any other expert witness. While other experts may aid a jury by rendering opinions on ultimate issues, our system reserves to the trial judge the role of adjudicating the law for the benefit of the jury." ***Id.*** at 808-09. In addition to the danger of confusion inherent in allowing such testimony about legal conclusions to be drawn from the facts, "testimony which articulates and applies the relevant law . . . circumvents the jury's decision-making function by telling it how to decide the case." ***Id.*** at 808.

For these reasons, "when the purpose of the testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based, the testimony cannot be allowed." ***Id.*** at 810. ***See also Anderson v. Suiters***, 499 F.3d 1228, 1237 (10th Cir. 2007) ("[W]hile expert witnesses may testify as to the ultimate matter at issue . . . this refers to testimony on ultimate facts: testimony on ultimate questions of law, i.e., legal opinions or conclusions, is not favored."). Thus, the line between admissible and excludable testimony under ***Specht*** is this:

> an expert's testimony is proper under Rule 702 if the expert does not attempt to define the legal parameters within which the jury must exercise its fact-finding function. However, when the purpose of testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based, the testimony cannot be allowed. In

>no instance can a witness be permitted to define the law of the case.

*Id.* at 809-10.

Ms. Moffat's proposed testimony contravenes this principle. Clearly, her opinions as to why plaintiffs filed this suit in Michigan state court and designated Peiker USA as the lead plaintiff do not merely relate these undisputed facts, but purport to conclude that Peiker USA is not the real party in interest and that the decisions to name Peiker USA as a party plaintiff and to file in Michigan were not proper in the regular conduct of proceedings and/or was motivated by an ulterior purpose. These are the legal issues that jury will be asked to determine based on the facts before it. Allowing Ms. Moffat to testify as set forth in her expert report would simply direct the jury as to how defendant's counterclaim should be determined and usurp the court's role as the sole source of the legal principles governing that claim. There is no apparent reason why defendant himself could not just as adequately testify to the facts underlying these issues, which facts do not appear to be in serious dispute. The only dispute is how those facts are to be interpreted, which is what Ms. Moffat purports to do. Allowing her to thus apply the law to the facts, however, is not permissible under ***Specht*** and its progeny.

With respect to Ms. Moffat's purported testimony regarding patent infringement issues, Ms. Moffat does not even offer an opinion, but merely describes what constitutes infringement in various forms. This clearly is nothing more than "testimony . . . direct[ing] the jury's understanding of the legal standards upon which their verdict must be based." *Id.* at 810. Again, instructing the jury on the definition and contours of

infringement and its role in this case is this court's duty, and, thus, not a proper subject for expert testimony.

**THEREFORE, IT IS ORDERED** that plaintiffs' **Motion To Exclude Viva R. Moffat, Esq. as Expert Witness** [#91] filed December 16, 2011, is **GRANTED**.

Dated March 21, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge