IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action **No.  10-cv-02083-JLK**

**PEIKER ACUSTIC, INC.** and
**PEIKER ACUSTIC GMBH & CO.  KG,**

      Plaintiffs/Counterclaim Defendants,

v.

**PATRICK KENNEDY,**

      Defendant/Counterclaimant.

---

**ORDER re Motion (Doc. 165) to Amend Judgment**

---

**Kane, J.**

I have reviewed Defendant Patrick Kennedy's Motion to Amend Final Judgment (Doc. 165) and agree the May 11, 2012 Final Judgment erroneously omitted reference to Plaintiffs' defamation claim against Mr. Kennedy, which was voluntarily dismissed with prejudice on April 4, 2012.  Accordingly, the Final Judgment shall be amended to order that judgment enter both in favor of Mr. Kennedy and against Plaintiffs on Plaintiffs' defamation claim against him, and in favor of Plaintiffs and against Mr. Kennedy on Mr. Kennedy's counterclaims for abuse of process against them.  Given the mixed judgment in this case, the declaration in the Final Judgment entered that Plaintiffs were the "prevailing parties" in this case for purposes of a cost award under Fed. R. Civ. P. 54(d) is also erroneous.  Mr. Kennedy asks that he be declared the "prevailing party" because the "crux of th[is] case was [the] defamation claim brought by Plaintiffs," and

without that claim no litigation and no losing counterclaim would have occurred.  The Peiker Plaintiffs, foreseeably, object.

While the Peiker entities may file a response to Mr. Kennedy's Motion on the question of "prevailing party," both sides should be aware that my intent at this point is to decline to award costs to either side.  Both sides prevailed on certain aspects of this litigation and lost on others.  Mr. Kennedy "prevailed" on Plaintiffs' defamation claim against him premised on *IdeaJacked* because I ruled *IdeaJacked* was speech on matters of public interest subject to a standard of proof the Peiker entities decided they could not meet.  Mr. Kennedy elected to proceed to trial on his counterclaim for abuse of process, and the jury rejected that claim.  The Peiker entities, as a result, "prevailed" on the counterclaim.  Unless I am convinced to the contrary, the Amended Judgment will include a finding that neither side was the "prevailing party" for purposes of an award of costs under Rule 54(d).

The Peiker entities' Response to Kennedy's Motion to Amend Final Judgment is due on or before June 5, 2012.  If no Response is received as of 9 a.m. on June 6, 2012, I will assume none is forthcoming and will prepare an Amended Final Judgment along the lines discussed above.

DATED:  May 29, 2012.

                                                 **/s/ John L.  Kane**
                                                 Senior U.S. District Court Judge