IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action **No. 10-cv-02083-JLK**

**PEIKER ACUSTIC, INC.** and
**PEIKER ACUSTIC GMBH & CO. KG,**

      Plaintiffs/Counterclaim Defendants,

v.

**PATRICK KENNEDY,**

      Defendant/Counterclaimant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY FEES
RELATING TO DEFAMATION CLAIM (Doc. 168)**

---

**Kane, J.**

This action was originally brought by the Plaintiff Peiker entities against Defendant Patrick Kennedy alleging defamation based on Defendant's publication of a book critical of their business practices. Defendant countersued for abuse of process, alleging the lawsuit was filed to intimidate and harass him rather than for any bona fide purpose of vindicating the things said. After a preliminary ruling that the statements in Kennedy's book concerned matters of "public concern" implicating a higher standard of proof for defamation, Plaintiffs moved voluntarily to dismiss the defamation claim with prejudice. I granted the Motion (Doc. 112), indicating that issues related to the allocation of attorney fees and costs "would be reserved pending resolution of Kennedy's counterclaims for abuse of process and exemplary damages." *See* Order (Doc. 159)(*nunc pro tunc*). Kennedy's counterclaims were tried to a jury over a period of ten days in

April 2012, resulting in a verdict in Plaintiffs' favor and against Mr. Kennedy. Mr. Kennedy now moves for an award of his attorney fees related to the voluntarily dismissed defamation claim.

Kennedy seeks an award of fees under Fed. R. Civ. P. 41(a)(2) and C.R.S. § 13-17-210, arguing both that Plaintiffs' "aggressive two-year pursuit of their baseless defamation claim[]" constitutes "exceptional circumstances" warranting fee shifting under Rule 41(a)(2) and that the claim was "substantially frivolous." I disagree. The claim was neither baseless nor frivolous. Mr. Kennedy could have filed pretrial motions as to choice of law and for summary judgment based on the "matters of public concern" standard but did not do so. The only dispositive motion filed in this case was the Peiker entities' Motion to Dismiss Mr. Kennedy's ultimately failed counterclaim. (Doc. 14.) Despite an eleventh hour reassignment of this case to me, I quickly familiarized myself with the substance of the claim and counterclaims, the case's pretrial history, the parties, and their counsel. Having seen the case through pretrial ruling on the defamation claim standards, negotiations surrounding the dismissal of that claim, the preparation of jury instructions and ten days of trial (a trial that resulted in a complete defense verdict in favor of Peiker and against Mr. Kennedy), I decline to find Plaintiffs' litigation conduct with regard to the defamation claim such as would justify an award of fees to Mr. Kennedy.

The Motion for Attorney Fees is DENIED.

DATED: May 31, 2012.

**/s/ John L. Kane**
Senior U.S. District Court Judge