IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action **No. 10-cv-02083-JLK**

**PEIKER ACUSTIC, INC.** and
**PEIKER ACUSTIC GMBH & CO. KG,**

    Plaintiffs/Counterclaim Defendants,

v.

**PATRICK KENNEDY,**

    Defendant/Counterclaimant.

---

## ORDER FOR ENTRY OF AMENDED FINAL JUDGMENT

**Kane, J.**

    This matter is before me on Defendant Patrick Kennedy's Motion to Amend Final Judgment (Doc. 165). Besides correcting the Judgment to reflect the pretrial disposition of Plaintiffs' defamation claims against him, Mr. Kennedy asks that I declare him the "prevailing party" in this litigation notwithstanding the loss of his counterclaim at trial because this case has "always" been about the defamation claims and the Peiker entities were forced to withdraw those claims before trial. As set forth in my preliminary Order on Kennedy's Motion (Doc. 167), I agree the Judgment in this case should be amended to reflect the withdrawal of the defamation claims, but expressed doubt as to Mr. Kennedy's claim to "prevailing party" status. My inclination, as stated in the May 29 Order, was to decline to award costs or fees to either side. *See* Order, Doc. 167, at 2. The parties have briefed the issue, and I rule as follows:

Mr. Kennedy argues, as David to Peiker's Goliath, that given Plaintiffs' relentless and "uncompromising . . . pursuit of their [failed] defamation claim against [him]," fairness and equity dictate that he should be awarded not only his costs in this civil action, but attorney fees as well. Reply (Doc. 185) at 2. Placing the parties' zest for litigating one against the other in context, however, relentlessness in the pursuit of redress is a characterization befitting both, and not just Peiker.

The dispute between these parties has a long an inglorious history. Mr. Kennedy's company, Cellport Systems, first filed suit against the Peiker entities in 2004, in Boulder, Colorado. That case was removed to federal court, assigned to me, and quickly remanded to state court. *See* Civil Action No. 04-cv-1361-JLK. In 2009, Cellport again filed suit against the Peiker entities in Boulder, seeking millions of dollars in damages on claims for patent infringement and unfair competition. Peiker removed to federal court, where, after two years of proceedings and transfers to three different district court judges and a magistrate judge, Civil Action No. 09-cv-1007 is set for trial before Judge Jackson in September 2012. After Mr. Kennedy wrote *IdeaJacked* detailing the parties' conflict, the Peiker companies filed suit against Mr. Kennedy in Michigan for defamation, and Mr. Kennedy countersued for abuse of process. After a transfer to this court and a year of litigation, Peiker conceded their defamation claims before trial and a jury entered a verdict against Mr. Kennedy and in favor of Peiker on his abuse of process claim.

Clearly, neither party is patently victim or aggressor in this case.

Because both sides have lost and neither clearly "prevailed," I exercise my discretion to deny an award of attorney fees or costs to either Mr. Kennedy or the Peiker entities in this case. Mr. Kennedy's Motion to Amend (Doc. 165) is GRANTED in part and DENIED in part. An

Amended Final Judgment shall enter reflecting the disposition of the Peiker entities' defamation claims in favor of Mr. Kennedy, as well as the jury's verdict against Mr. Kennedy and in favor of Peiker on Mr. Kennedy's counterclaim for abuse of process.

Dated this 22d day of June, 2012.

                                          **/s/ John L. Kane**
                                          Senior U.S. District Court Judge